IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-03042-WYD-KMT

CELESTE DOYLE,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, a Municipal Corporation; and
DENVER DEPARTMENT OF HUMAN SERVICES,

    Defendants.

## ORDER

THIS MATTER comes before the Court on Defendant Denver Department of Human Services' Motion to Dismiss Plaintiff's 42 U.S.C. § 1981 Claim filed March 17, 2010. Plaintiff has not filed a response to this motion and the time for doing so as set forth in D.C.COLO.LCivR 7.1C has passed. Nonetheless, I consider the motion on its merits to determine whether dismissal is appropriate.

Denver Department of Human Services ["DHHS"] asserts in the motion that it is entitled to Eleventh Amendment immunity as to Plaintiff's claim against it pursuant to 42 U.S.C. § 1981. First, it asserts that county social service departments are arms of the state entitled to Eleventh Amendment immunity when applicable. I find under the authority provided by DHHS as well as the Court, and absent any authority to the contrary from Plaintiff, that DHHS is an arm of the state for purposes of Eleventh Amendment immunity. *See Bettis v. City and County of Denver*, No. 09-cv-02661-PAB-

MJW, 2010 WL 1839332, at *4 (D. Colo. 2010); *Freeman v. White*, No. 05-cv-00164-EWN-CBS, 2006 WL 2793139, at *8-12 (D. Colo. 2006); *Pierce v. Delta County Dept. of Social Servs.*, 119 F. Supp. 2d 1139, 1147-48 (D. Colo. 2000); *Wigger v. McKee*, 809 P.2d 999, 1002-04 (Colo. Ct. App. 1999).

DHHS next argues that as an arm of the state, it is entitled to Eleventh Amendment immunity on Plaintiff's claim under § 1981. Again, I agree with DHHS. *See LaFavre v. Kansas ex rel. Stovall*, No. 00-3078, 2001 WL 322480, *4 (10th Cir. 2001) ("neither 42 U.S.C. § 1981 nor § 1983 abrogate the Eleventh Amendment immunity of the states"); *Re v. Vistas*, No. 98-2334, 1999 WL 178695, at *2 (10th Cir. 1999) (same); *Singletary v. Missouri Dept. of Corrections*, 423 F.3d 886, 890 (8th Cir. 2005) (agreeing with other circuits which have uniformly held that a state is immunized from § 1981 liability under the Eleventh Amendment). Judges from this Court have reached the same conclusion. *Bettis*, 2010 WL 1839332, at *4; *Freeman*, 2006 WL 2793139, at *12.

Based on the foregoing, I find that the § 1981 claim against DHHS should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Accordingly, it is

ORDERED that Defendant Denver Department of Human Services' Motion to Dismiss Plaintiff's 42 U.S.C. § 1981 Claim is **GRANTED**. Plaintiff's Title VII claims against DHHS, however, remain pending.

Dated: June 15, 2010

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge