IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-03042-WYD-KMT

CELESTE DOYLE,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, a Municipal Corporation; and
DENVER DEPARTMENT OF HUMAN SERVICES,

    Defendants.

## ORDER

    THIS MATTER comes before the Court on Defendant City and County of Denver's Motion to Dismiss filed March 17, 2010.  Plaintiff filed a response to this motion on April 7, 2010.  For the reasons discussed below, the City and County of Denver's Motion to Dismiss is granted.

    The City and County of Denver ["the City"] asserts in its motion that all of the allegations of Plaintiff's complaint are directed at Defendant Denver Department of Human Services ("DHHS"), where Plaintiff was employed as a probationary employee. The City further asserts that Plaintiff does not allege any actions taken by the City and that DHHS is a legal entity that may be sued as as party defendant, separate and apart from the City.  Accordingly, the City seeks dismissal from the case.

    In response, Plaintiff asserts that during her employment she worked for the City as a probationary employee under the rules and laws of the City's Charter and the

Career Service Authority and was terminated under such rules and/or laws. She also asserts that DHHS is not an autonomous entity from the City "which is evident by their use of the Denver City Attorney's Office who is counsel for both Defendants". (Response Brief at 1.) These arguments are unsupported by Plaintiff's allegations in the Complaint or any evidence.

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), which I construe Denver's motion as, the court must look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, *Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008), not new facts alleged only in response to the motion to dismiss. Indeed, under well established Tenth Circuit precedent a party may not rely on the allegations in a responsive brief to supplement her complaint. *Issa v. Comp USA*, 354 F.3d 1174, 1179 (10th Cir. 2003). The fact that Plaintiff may have been terminated under rules and/or laws of the City of Denver does not make the City liable absent any allegations of action by the City, particularly since the complaint alleges that DHHS is Plaintiff's employer that terminated her under those rules. Further, the complaint does not establish the elements of a municipal liability claim. Finally, I note that Plaintiff never sought to amend her pleadings to supplement the allegations as to the City.

Based on the foregoing, it is

ORDERED that the City and County of Denver's Motion to Dismiss (ECF No. 6) is **GRANTED**. Defendant The City and County of Denver is **DISMISSED** from the case and shall hereafter be taken off the caption.

Dated:  December 16, 2010

                                            BY THE COURT:

                                            s/ Wiley Y. Daniel
                                            Wiley Y. Daniel
                                            Chief United States District Judge