IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–03042–WYD–KMT

CELESTE DOYLE,

    Plaintiff,

v.

DENVER DEPARTMENT OF HUMAN SERVICES,

    Defendants.

## ORDER

This matter is before the court on "Plaintiff's Motion to Compel and Request for Expedited Ruling" [Doc. No. 51, filed January 21, 2011]. Defendant responded in opposition on January 24, 2011. [Doc. No. 53.]

Plaintiff seeks a minimal extension of the discovery cut off date in order to take three depositions which she previously attempted to schedule in January, 2011 before the end of the current discovery cut off date. Her attempts to schedule the depositions were blocked by the Defendant on the basis that the notices of deposition were not timely filed and that several of the depositions were not contemplated in the Scheduling Order prepared in conjunction with Plaintiff's previous counsel.

This case has had a somewhat tortured discovery history. Subsequent to the filing of the case on December 31, 2009, and scheduling of discovery [*see* Doc. No. 15, Scheduling Order],

Defendant's filed their first Motion to Compel Discovery [Doc. No. 25], after which Plaintiff's original counsel moved to withdraw from the case on the basis of lack of contact with the plaintiff. The court set a hearing on the motions and required the Plaintiff's personal appearance. Plaintiff failed to appear for that hearing. Defendant's Motion to Compel was granted and Plaintiff's counsel was allowed to withdraw.

A show cause order was issued concerning Plaintiff's non-compliance with the court's order. [Doc. No. 33.] In spite of her previous failure to appear and the loss of contact with her previous attorney, on September 13, 2010 the Plaintiff drove across country to personally appear at the show cause hearing wherein this court discharged the show cause. [Doc. No. 36.] Plaintiff, appearing *pro se*, was personally served with outstanding discovery requests and was given additional time to respond and complete discovery. *Id.* The discovery cut off date was extended to December 31, 2010.

On December 1, 2010, Plaintiff's current counsel entered his appearance and explained to the court during a telephone hearing that he was unfamiliar with the case and had only been contacted the day before Plaintiff's deposition was due to be taken. Mr. Rogers had appeared with Plaintiff for the deposition, however the deposition was aborted given Mr. Rogers' unfamiliarity with the case. This court ultimately allowed Plaintiff's deposition to be re-set and further allowed Defendant the full seven hours for the continued proceeding. [Doc. 41.]

Also during that hearing, Plaintiff optimistically asked for and received a one month extension of the discovery deadline to January 31, 2011. The court now finds that a thirty day extension of the discovery cut off date was unrealistic, especially in light of the unwillingness of

counsel for Defendant to extend even a small degree of courteous and professional forbearance to opposing counsel when attempting to schedule several depositions of Denver Department of Human Services' employees.

Defendant objected to the scheduling of three depositions in late January, 2011, on the basis that the notice requirements of the Local Rules were not strictly met and on the basis that two of the deponents were not listed in the original Scheduling Order.  Counsel for Plaintiff, by telephone on January 19, 2011, attempted to schedule three depositions of Denver Department of Human Services' employees on January 27, 28 and 31, 2011.  The depositions, if agreed to by Defendant, would have occurred 8 or 9 or 12 days from the date of the telephone call, respectively, the last one being just two days shy of the fourteen days notice prescribed by D.C.COLO.LCivR 30.1.  In spite of the Local Rule's presumptive figure concerning "reasonable" notice, in this case Plaintiff's request was a clearly reasonable attempt to complete discovery within the short extension requested by new counsel and was a request which most opposing attorneys would have accommodated if otherwise logistically possible.[1]  Defendant's counsel knew full well that any discovery to be taken by Plaintiff's new counsel would have to be completed within a very compressed time period.  The court notes that Plaintiff's counsel had not originally asked for a more lengthy extension of the discovery period in order to minimize prejudice to the Defendant occasioned by his late entry in the case.

---

[1] Defendant has not argued that any of the proposed deponents or counsel for the Defendant were unavailable on the requested dates.

Further, this court does not read the instruction in the court's form of Scheduling Order, Section 9(e), to require the parties to provide an exhaustive and binding list of deponents for each side, especially since Scheduling Orders are drafted at an early stage in the case. Rather, Section 9(e) provides for a planning platform to begin the deposition process and to provide a groundwork so the parties begin on the most obviously required depositions. For instance, in this case the Scheduling Order allows the parties to take up to ten depositions per side, including their expert witnesses, if any; the deposition schedule, however, only anticipates three witnesses who were most certainly to be deposed as of the date of entry of the Scheduling Order. [Doc. No. 15, §§ 8(a) and 9(e).] This court finds the Plaintiff has presented ample grounds to take the depositions of Valerie Brooks[2], Deb Arter and Tamara Dixon, all three current employees of the Defendant. The Defendant will, therefore, make those employees available for deposition.

Finally, the court notes that there is a pending Motion for Protective Order before the court which is scheduled for hearing on March 7, 2011, to allow time for full briefing and argument. [Doc. No. 48, filed January 10, 2011.] Therefore, the current schedule for discovery is clearly inadequate to meet the needs of the case.

---

[2] To the extent Defendant argues that Valerie Brooks is not the Defendant's designated Fed. R. Civ. P. 30(b)(6) designee, such is not relevant to the issue at hand. Plaintiff may, within legal bounds, depose such fact witnesses as she deems advisable. To the extent Plaintiff seeks a binding deposition under Rule 30(b)(6), proper notice and description of matters for examination must be served and Defendant will designate one or more witnesses for that deposition.

It is therefore **ORDERED**

"Plaintiff's Motion to Compel and Request for Expedited Ruling" [Doc. No. 51] is **GRANTED**.

It is further **ORDERED**

1. The Discovery deadline is extended to April 1, 2011 for all purposes;

2. The Dispositive Motions deadline is extended to May 2, 2011;

3. Nothing in this Order shall negate any party's responsibility to conform in the future to the Federal Rules of Civil Procedure and this court's Local Rules for the District of Colorado concerning notices of deposition and other discovery issues; and

4. The Final Pretrial Conference now scheduled for May 3, 2011 is **VACATE**D and rescheduled for **June 16, 2011 at 9:30 a.m.**

Dated this 27th day of January, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge