IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-03042-WYD-KMT

CELESTE DOYLE,

    Plaintiff,

v.

DENVER DEPARTMENT OF HUMAN SERVICES,

    Defendant.
_____

**ORDER**
_____

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on two motions:  Plaintiff's Motion for New Trial filed January 11, 2012 and Plaintiff's Motion for Denial of Taxation of Costs filed January 31, 2012.  These motions are fully briefed.  For the reasons discussed below, Plaintiff's Motion for New Trial is denied.  Plaintiff's Motion for Denial of Taxation of Costs is granted.

II.    <u>BACKGROUND</u>

Plaintiff brought suit in December 2009 asserting various claims of employment discrimination.  An Order on Summary Judgment Motions was entered on November 8, 2011.  Summary judgment was granted in favor of Defendant on Plaintiff's claims of discrimination based on race and national origin, and denied as to the hostile work environment and retaliation claims.

A seven (7) day jury trial was held on the remaining claims commencing on December 5, 2011.  The jury rendered a verdict on December 13, 2011, finding in favor of the Defendant on both the retaliation and hostile work environment claims.  Judgment was entered on December 15, 2011, and an Amended Judgment was entered on December 20, 2011.  Plaintiff filed a Motion for New Trial on January 11, 2012.  On January 24, 2012, after a hearing, the Clerk of Court taxed costs against Plaintiff in the amount of $2,475,97.

III.   ANALYSIS

    A.   Plaintiff's Motion for New Trial

Plaintiff argues that she was denied a fair jury trial due to the tainting of the jury "by the wrongful, deliberate and calculated conduct of Defendant's counsel in violating the provisions of Rule 609 and 403 of the Federal Rules of Evidence by attacking Ms. Doyle's character for truthfulness in front of the jury with a more than 10 year-old felony criminal conviction she had received."  (Pl.'s Mot. for New Trial at 2.)  This argument relates to the fact that on December 7, 2011, the third day of trial, Defendant's counsel opened her cross-examination of Ms. Doyle with two leading statements/questions in which she disclosed to the jury the fact that Ms. Doyle has a criminal record of a felony conviction for conduct related to having fake money at a casino.  Counsel made reference to and alleged that Ms. Doyle had attempted to illegally pass counterfeit money in the amount of $10,000.

Plaintiff asserts that defense counsel's statements/questions were loaded and slanted statements that were made in an accusing, inflaming and belligerent tone, and were calculated to achieve the maximum shock value for the jury.  She argues that this

conduct was especially prejudicial since the essence of Plaintiff's case was presented through her testimony. Thus, Plaintiff's claims of retaliation and hostile work environment were vested in her credibility. To correct this grave injustice, Plaintiff contends that she should receive the opportunity to present her case before an untainted jury in a new trial.

Turning to my analysis, the court "may, on motion, grant a new trial on all or some of the issues–and to any party . . . after a jury trial for any reason for which a new trial has heretofore been granted in an action at law in federal court . . ." Fed. R. Civ. P. 59(a). "A new trial may be appropriate where the jury verdict is against the weight of the evidence, the damages are excessive, a party was prejudiced by erroneous evidentiary rulings, or the trial was not fair to the moving party." *See Megadyne Medical Products, Inc. v. Aspen Laboratories*, 864 F. Supp. 1099, 1102 (D. Utah 1994) (citing *Montgomery Ward and Co. v. Duncan*, 311 U.S. 243, 251, 61 S. Ct. 189, 194, 85 L.Ed. 147 (1940) and other cases). Thus, "when justice so requires, [the court] has the authority to set aside the jury's verdict." *McHargue v. Stokes Div. of Pennwalt Corp.*, 912 F.3d 394, 396 (10th Cir. 1990). A motion for new trial "is not regarded with favor and should only be granted with great caution." *United States v. Kelley*, 929 F.2d 582, 586 (10th Cir. 1991). The decision whether to grant a new trial is committed to the sound discretion of the trial court. *Id.*

Plaintiff argues that when members of a jury are exposed to extraneous information about a matter pending before the jury, a presumption of prejudice arises. The cases cited by Plaintiff are, however, inapposite, as they dealt with extrinsic influences that may have tainted the trial, such as conduct relating to or regarding the

-3-

jury. *See United States v. Scull*, 321 F.3d 1270, 1280 (10th Cir.2003) (addressing whether jury taint occurred because of court's statement to the jury that there was a report of attorney/juror contact); *Mayhue v. St. Francis Hospital of Wichita, Inc.*, 969 F.2d 919, 922-23 (10th Cir. 1992) (addressing prejudice from the fact that handwritten note was found in the jury room that contained definitions of certain key words after court had denied jurors' request for dictionary); *United States v. Hornung*, 848 F.2d 1040, 1044 (10th Cir. 1988) (addressing an improper third-party contact with a juror).

Instead, in order to secure a new trial based on alleged misconduct by opposing counsel, Plaintiff "must show prejudice from the misconduct sufficiently serious to warrant retrial." *Alwine v. Buzas*, No. 02-4185, 2004 WL 363477, at *8 (10th Cir. 2004) (unpublished) (citing *Abuan v. Level 3 Communications, Inc.*, 353 F.3d 1158, 1175 (10th Cir 2003)). Thus, "[a] new trial cannot be granted unless the error was prejudicial and affects the party's substantial rights." *Henning v. Union Pacific R. Co.*, 530 F.3d 1206, 1217 (10th Cir. 2008) (citing Fed. R. Civ. P. 61). "The decision whether counsel's misconduct at trial was so egregious as to require retrial is left largely to the discretion of the district court." *Abuan*, 353 F.3d at 1175.

In order to show that her substantial rights were adversely affected, Plaintiff must show that the alleged misconduct was "'plainly unwarranted and clearly injurious' and 'cause[d] prejudice . . . and unfairly influence[d] a jury's verdict'". *Harrison v. Purdy Bros. Trucking Co., Inc.*, 312 F.3d 346, (8th Cir. 2002) (quotation omitted); *see also* 11 Wright & Miller, Fed. Practice and Procedure § 2809 (2011). Thus, new trials will be granted "in situations where it is 'reasonably probable' that defense counsel's improper remarks influenced the jury verdict". *Vandenbraak v. Alfieri*, 209 Fed. Appx 185, 189

(3rd Cir. 2006) (quotation omitted). "Generally, misconduct by trial counsel results in a new trial if the 'flavor of misconduct sufficiently permeate[s] an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict.'" *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1192 (9th Cir. 2002) (quotation omitted).

As noted by the Second Circuit, "[o]bviously not all misconduct of counsel taints a verdict to such a degree as to warrant a new trial." *Pappas v. Middle Earth Condominium Ass'n*, 963 F.2d 534, 540 (2d Cir. 1992). "Some misconduct is *de minimis* in the context of the entire trial, and some is promptly dealt with by the trial court's rulings and curative instructions." *Id.* Thus, "[a]lleged improprieties may well be cured by an admonition or charge to the jury." *Westbrook v. Gen. Tire & Rubber* Co., 754 F.2d 1233, 1238 (5th Cir. 1998). The court should review the alleged misconduct of counsel "within the context of the court's rulings on objections, the jury charge, and corrective measures employed by the trial court." *Id.*

In the instant case, according to the Court's unofficial Bridge transcript[1], defense counsel began her cross-examination of Plaintiff by asking, "Ms. Doyle, you have a felony conviction for passing counterfeit $100 bills at a gambling casino, is this correct?" Plaintiff's counsel immediately objected pursuant to Fed. R. Evid. 609(b) on the basis that the conviction was more than ten years old and any probative value of the evidence was outweighed by the danger of unfair prejudice. After hearing from counsel on the issue and after further questioning of Plaintiff on this issue outside of the presence of

---

[1] Although Plaintiff stated in her Motion for New Trial that she would provide the Court with a transcript, no transcript was ordered.

the jury, I sustained Plaintiff's counsel's objection under Fed. R. Evid. 609(b)(1) and (2) and 403. I found both that Defendant did not give adequate notice of its intent to use Rule 609(b) evidence and that the prejudicial effect of the evidence sought to be elicited substantially outweighed its probative value.[2]

Turning to the merits of Plaintiff's motion, I acknowledge that any questions defense counsel's conduct raised in the jury's mind about Plaintiff's felony conviction "cannot be discounted", despite the fact that the jury was instructed that they were to not consider the question." *See Leidel v. Ameripride Servs., Inc.*, 291 F. Supp. 2d 1241, 1247 (D. Kan. 2003). As in *Leidel*, "[t]his was an entirely unnecessary situation, caused solely by Defendant's failure" to give advance written notice of the intent to use evidence regarding Plaintiff's prior felony conviction. *Id.* Thus, the question asked by defense counsel was clearly improper. I further note that the effect of defense counsel's question about the felony conviction may have been heightened by the fact that defense counsel asked the question in an accusing and inflaming tone, clearly directed at impugning the Plaintiff. Further, defense counsel continued the theme of challenging

---

[2] To the extent Defendant argues in its response that the question was proper because notice was given to Plaintiff as required by Rule 609(b)(1), that argument was rejected at trial and is an issue for appeal. I found at trial that Defendant did not give actual written notice of its intent to use the Rule 609 evidence, but instead relied on the fact that certain exhibits had been listed relevant to the conviction in the Pretrial Order. I further found that this is not sufficient to constitute notice. In support of that finding, I note that the Tenth Circuit in *UnitedStates v. McConnel*, 464 F.3d 1152, 1161 (10th Cir. 2006) held that a notice of intent to use prior convictions is required under Fed. R. Evid. 609(b). Indeed, the advance written notice is required "to allow[] parties to formulate trial strategies based upon a court's preliminary ruling" and to prevent unfair surprise. *See United States v. Bensimon*, 172 F.3d 1121, 11(9th Cir. 1999); *United States v. Lopez*, 979 F.2d 1024, 1033 (5th Cir. 1992). In the instant case, there was no opportunity for the Court to rule on the admissibility of the evidence before trial or even before the question was posed by defense counsel since no advance written notice of intent to use this evidence was provided. My ruling is further enforced by the fact that Plaintiff's counsel was under the impression that defense counsel had agreed before trial to withdraw those exhibits.

Plaintiff's credibility through questions to other witnesses and in closing argument through references to Plaintiff being a liar, *i.e.*, that she could not be trusted. That also may have reinforced the question about the felony in the jurors' minds.³

That being said, I find that Plaintiff has not shown prejudice warranting a new trial. First, the actual misconduct in this case involved only one question to the jury. As noted earlier, I sustained Plaintiff's counsel immediate objection to defense counsel's question about the prior conviction. Plaintiff was thus not required to answer the question, contrary to Plaintiff's assertion in his motion, and no evidence was elicited in connection with Plaintiff's prior conviction. "'The timely objection and the sustaining of the objection certainly detracts from a conclusion of prejudice.'" *Abuan*, 353 F.3d at 1175 (quoting *United States v. Preston*, 634 F.2d 1285, 1293 (10th Cir. 1980)).

Second, even though Plaintiff's counsel did not seek a curative instruction, I gave such an instruction to the jury. The jury was informed that the question asked by Plaintiff's counsel was improper, that they could not consider the question or any direct or indirect inference from the question, and that to do so would violate their sworn duties as jurors. In an abundance of caution, this curative instruction was also included in the final jury instructions. Plaintiff's counsel did not object to or propose alternative or additional language for the curative instruction that was drafted by the Court and given to the jury. The jury is presumed to follow curative instructions. *Abuan*, 353 F.3d at 1175. Also, Plaintiff's counsel did not seek a mistrial. *See United States v. Taylor*, 514

---

³ While the questions and comments about Plaintiff being a liar were not improper per se, they did suggest that Plaintiff was not credible, as with the question about Plaintiff being a convicted felon due to attempts to pass fake money.

F.3d 1092, 1096 (10th Cir. 2008) (reviewing appeal of claimed uncured prejudicial at trial "only for plain error" where counsel "neither advanced a contemporaneous objection to the district court's curative instruction, nor moved for a mistrial . . . Such actions . . . would have given the district court the information necessary to evaluate the need for further curative steps. . .").

Finally, I find that the evidence supporting the jury's determination was substantial, thus mitigating against the prejudicial effect of the question. Quite a few witnesses testified on behalf of Defendant to the effect that Plaintiff had performance problems which caused her termination. Plaintiff did not present any former or current employees who testified on her behalf about her performance while employed with Defendant. Plaintiff also did not present any former or current employees who testified in support of her allegations of an alleged hostile work environment or retaliation. Plaintiff's credibility was thus clearly a key issue the jury had to resolve. "Under these circumstances, [I] have no reason to believe that a different result would have occurred in the absence of the misconduct." *Abuan*, 353 F.3d at 1175-76. Accordingly, I find that a new trial is not warranted.

    2.    <u>Plaintiff's Motion for Review of Taxation of Costs</u>

As noted previously, the Clerk of Court taxed costs in favor of Defendant in the amount of $2,475.00. Plaintiff seeks to avoid the taxation of these costs, arguing that costs may be avoided where the losing party, as here, is indigent and the underlying suit was neither frivolous nor brought in good faith, citing *Cantrell v. IBEW, AFL-CIO, Local 2021*, 69 F.3d 456, 459 (10th Cir. 1995). Plaintiff also argues, among other things, that other circuits have held that courts did not abuse their discretion when they

refused to award costs to prevailing parties who were obstructive and acted in bad faith during the course of the litigation. She does not, however, argue that any costs were improperly assessed by the Clerk under 28 U.S.C. § 1920.

Turning to my analysis, Fed. R. Civ. P. 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court directs otherwise." Rule 54 "makes the award of costs presumptive. . . ." *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1204 (10th Cir. 2000). However, the final award of costs rests within the discretion of the court. *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1476 (10th Cir.1997). If the court decides not to award costs to a prevailing party, it must provide a valid reason for doing so. *Cantrell*, 69 F.3d at 459.

In the case at hand, I grant Plaintiff's motion and find that costs will not be awarded in this case. As noted by the Tenth Circuit in *Cantrell*, courts have held that it was not an abuse of discretion for a district court to deny costs when the nonprevailing party is indigent. *Cantrell*, 69 F.3d at 459. In the case at hand, Plaintiff testified at trial that she was indigent, unemployed and seeking Supplemental Security Income (SSI) -- a program which pays benefits to disabled adults who have limited income and resources. The motion asserts that Plaintiff's financial status has not changed since the time of trial and she was approved by the Social Security Administration in December 2011 for the SSI program. Accordingly, I find that the Judgment should again be amended to reflect that costs are not awarded.

V.     CONCLUSION

Based upon the foregoing, it is

ORDERED that Plaintiff's Motion for New Trial (ECF No. 147) is **DENIED**. It is

FURTHER ORDERED that Plaintiff's Motion for Denial of Taxation of Costs filed January 31, 2012 (ECF No. 150) is **GRANTED**. The Clerk of Court shall amend the Judgment to reflect that costs are not awarded in this case.

Dated: February 29, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge